IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

RICHARD LEE BRADSHAW,

        Petitioner,

v.

STEVE FRANKE,

        Respondent.

Civil No. 10-794-SU

FINDINGS AND RECOMMENDATION

    Richard L. Bradshaw, #14536879
    82911 Beach Access Rd
    Umatilla, OR 97882

        Petitioner, *Pro Se*

    John R. Kroger, Attorney General
    Jonathan W. Diehl, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of several underlying state court convictions. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be denied.

## BACKGROUND

On February 27, 2002, the Linn County Grand Jury indicted petitioner on two counts of Rape in the First Degree, one count of Rape in the Second Degree, two counts of Sodomy in the First Degree, one count of Using a Child in a Display of Sexually Explicit Conduct, two counts of Encouraging Child Sexual Abuse in the Second Degree, and two counts of Possession of Materials Depicting Sexually Explicit Conduct of a Child in the First Degree.

The State dismissed three of these counts prior to trial, and the court found petitioner not guilty of three counts following a bench trial. The court did, however, find petitioner guilty of two counts of Encouraging Child Sexual Abuse in the Second Degree, one count of Sodomy in the First Degree, and one count of Sexual Abuse in the Second Degree. Respondent's Exhibit 101. As a result, the trial court imposed a prison sentence totaling 154 months in prison. *Id*.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Bradshaw*, 198 Or. App. 534, 109 P.3d 803, *rev. denied* 339 Or. 406, 122 P.3d 64 (2005).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on his claims. Respondent's Exhibit 120. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court again denied review. *Bradshaw v. Hall*, 232 Or. App. 439, 222 P.3d 1140 (2009), *rev. denied* 348 Or. 114, 228 P.3d 1213 (2010).

Petitioner filed this federal habeas corpus action on July 9, 2010 raising 55 grounds for relief. Respondent asks the court to deny relief on the Petition because: (1) with the exception of Grounds Two and Three, all of petitioner's grounds for relief are procedurally defaulted; (2) Grounds Two and Three fail to state a claim because they do not allege a violation of federal law and, to the extent the court construes them to state federal claims, they are also procedurally defaulted; and (3) all of petitioner's claims are meritless.

/
/
/
/

3 - FINDINGS AND RECOMMENDATION

**DISCUSSION**

I.   **Exhaustion and Procedural Default**

   A.   **Standards**

   A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

   A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or

failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**B.   Analysis**

   1.   Ground One

As Ground One, petitioner alleges that the trial court should have conducted an *in camera* review of the victim's counseling records in response to a defense subpoena. Ground One fails to state a claim because habeas corpus relief lies only for alleged violations "of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and petitioner alleges no federal violation in his Petition.

Even assuming petitioner had properly raised this as a federal claim in his Petition for Writ of Habeas Corpus, he failed to properly preserve such a federal claim for appellate review in the criminal trial court. The transcript in this case reveals that petitioner cast his claim only in terms of a state evidentiary matter pursuant to OEC 412. Trial Transcript Vol. VII. Although

5 - FINDINGS AND RECOMMENDATION

petitioner sought to raise this as a federal due process claim for the first time on appeal, this did not comply with the Oregon Rules of Appellate Procedure. *See* ORAP 5.45(4)(a) (each assignment of error must be preserved in the lower court); ORAP 9.20(2) (questions before the Oregon Supreme Court include only questions properly before the Court of Appeals which the petition for review claims were erroneously decided by that court). Accordingly, even if petitioner had raised a federal due process claim in his Petition for Writ of Habeas Corpus, he failed to fairly present it to the Oregon state courts. As the time for doing so passed long ago, such a claim is now procedurally defaulted.

### 2. Grounds Two and Three

Grounds Two and Three challenge the sufficiency of the evidence underlying petitioner's convictions for Encouraging Child Sexual Abuse in the Second Degree. Respondent properly points out that Grounds Two and Three fail to state a valid claim for habeas corpus relief because they do not allege a violation of federal law. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Respondent also contends that even if petitioner had properly stated federal claims in Grounds Two and Three of his Petition, such claims were not fairly presented to the Oregon state courts.

A review of the direct appellate record in this case shows that petitioner raised the substance of Grounds Two and Three in

6 - FINDINGS AND RECOMMENDATION

his Appellant's Brief as well as his Petition for Review. He argued the claim exclusively on state law grounds in the body of his Appellant's Brief, but did include a footnote citing to a Ninth Circuit decision concerning the sufficiency of the evidence in a case involving child pornography. Respondent's Exhibit 103, p. 20. In this manner, he put the Oregon Court of Appeals on notice that he was raising a federal claim.

When petitioner filed his Petition for Review in the Oregon Supreme Court, however, he narrowed his claim to focus exclusively on state law, omitting any footnote reference to federal law and did not attempt to incorporate his Appellant's Brief by reference in his Petition for Review. Respondent's Exhibit 105. It is firmly established that a litigant must indicate the federal nature of his claim at each and every level of his state court proceedings in order to fairly present the claim. *Reese v. Baldwin*, 541 U.S. 27, 32 (2004); *see also Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) (in order to exhaust, a petitioner must present his federal constitutional issue "within the four corners of his appellate briefing."). When petitioner elected to remove his footnote reference to a federal constitutional claim when filing his 12-page Petition for Review, this not only rendered his Petition for Review devoid of any federal claim, but also suggests to this court that he intentionally abandoned any federal claim he

might have pursued in an effort to more acutely focus the Oregon Supreme Court's attention on issues of state law.

Because petitioner abandoned his federal argument in his Petition for Review to the Oregon Supreme Court, even assuming Grounds Two and Three of his Petition for Writ of Habeas Corpus alleged federal constitutional violations, he failed to fairly present such claims to the Oregon state courts. Because petitioner can no longer raise these claims in Oregon's state courts, the claims are procedurally defaulted.

### 3. Grounds Four through Fifty-Five

Grounds Four through Fifty-Five of the Petition pertain to claims which petitioner raised in his PCR trial. Respondent's Exhibit 108. When the PCR trial court denied relief, however, petitioner abandoned his claims and offered up new claims to the Oregon Court of Appeals. Specifically, he claimed that the PCR trial court abused its discretion when it: (1) refused to address petitioner' concerns about his appointed PCR attorney's failure to hire an investigator; and (2) denied petitioner's motion to set aside the judgment where petitioner established that PCR counsel had failed to submit petitioner's exhibits. Respondent's Exhibit 121, pp. 1-2; Respondent's Exhibit 124, p. 4. As such, he failed to fairly present Grounds Four through Fifty-Five, which are now procedurally defaulted.

8 - FINDINGS AND RECOMMENDATION

    4.   <u>Cause and Prejudice</u>

Petitioner argues that his PCR appellate attorney's failure to append various exhibits and attachments to his appellate briefs containing federal citations constitutes cause to excuse his procedural default. Such a claim is without merit because any deficient performance of PCR counsel would not excuse petitioner's procedural default. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 553 (1987); *Smith v. Baldwin*, 510 F.3d. 1127, 1147-48 (9th Cir. 2007).

Moreover, any attachments and exhibits to petitioner's Appellant's Brief and Petition for Review would not have fairly presented federal claims to Oregon's state courts because a claim is not fairly presented if a state court "must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Baldwin*, 541 U.S. at 32; *Castillo v*, 399 F.3d 993, 1000 (9th Cir. 2005). Consequently, petitioner's default is not excused.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be DENIED and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that

9 - FINDINGS AND RECOMMENDATION

petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

### SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 10th day of August, 2011.

    /s/Patricia Sullivan
    Patricia Sullivan
    United States Magistrate Judge

10 - FINDINGS AND RECOMMENDATION